## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-62218-CIV-MARTINEZ/GOODMAN

PREMIER PARKS, LLC,

     Plaintiff,

v.

CITY OF FORT LAUDERDALE,

     Defendant.

_____/

### STIPULATED CONFIDENTIALITY ORDER[1]

THIS CAUSE having come before the Court on the Joint Motion for Entry of a Confidentiality Order, and being advised that the parties are in agreement with respect to the entry of this Stipulated Confidentiality Order, and being otherwise fully advised in the premises, IT IS ORDERED AND ADJUDGED as follows:

### DEFINITIONS

1.     "Confidential" information shall mean information, recorded, stored, or maintained for any reason in any medium, including but not limited to print, electronic, or digital, that a party designating the information as Confidential reasonably believes to fall within one or more of the following categories:

---

[1]     The Undersigned has modified the proposed stipulated order to make it consistent with the Local Rules and the discovery procedures order [ECF No. 19]. Additionally, the Court made significant changes to paragraph 17 in order to bring the protective order in line with the presumption that all *Court filings* be publicly available.

a)      Personal information of third parties, or information concerning third parties, that the designating party, in good faith, believes is protected from disclosure, either in redacted or unredacted form, and that cannot be disclosed under applicable state or Federal law either without appropriate notice to such third parties, or absent order by the Court.

b)      Information received in confidence from third parties.

c)      Commercial information that is of a highly competitive nature and that a reasonably prudent business person in the applicable field would not release or share outside the company in the ordinary course of business.

d)      Information that the producing party otherwise believes in good faith to be entitled to protection under this Agreement.

2.      "Attorneys' Eyes Only" information shall mean information, recorded, stored, or maintained for any reason in any medium, including but not limited to print, electronic, or digital, that a party designating the information as Attorneys' Eyes Only reasonably believes to fall within one or more of the following categories:

a)      "Trade Secrets" as that term is defined by Fla. Stat Ann. § 688.002, which provides that a trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain

2

economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

        b)    Research, development, financial and other proprietary information that is of a highly competitive nature and that a reasonably prudent business person in the applicable field would not release or share outside the company in the ordinary course of business.

        3.    "Document(s)" is a collective reference to any and all material or other tangible things containing information produced by any party in this action, information produced by a third-party concerning a party to this action, including written responses to discovery and deposition testimony. Without limitation, document(s) further include(s) any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type, or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or by computers. The word document(s), includes, without limitation, photographs, x-rays, motion pictures, audio tapes, videotape recordings, computer generated material, computer disks, and any other form or type of computer stored or computer retrievable data, microfilm and microfiche, or any other process by which information is reduced for storage, and duplicates and reproductions of the same by any method.

4.     "Court" refers to the United States District Court for the Southern District of Florida. Motions which may be filed pursuant to this Order shall be filed with the assigned United States District Court Judge or Magistrate Judge in accordance with the Court's January 6, 2016 Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge.[2]

## PROCEDURE FOR DESIGNATING CONFIDENTIAL DOCUMENTS

5.     All documents produced or disclosed that the producing party in good faith believes to contain Confidential information that should be subject to this Order shall be marked by the producing party as **CONFIDENTIAL.**

6.     All documents produced or disclosed that the producing party in good faith believes to contain Attorneys' Eyes Only information that should be subject to this Order shall be marked by the producing party as **ATTORNEYS' EYES ONLY.**

7.     A party in good faith may also designate as Confidential or Attorneys' Eyes Only documents or information produced by anyone else in this action, upon such party giving notice to the other party of such designation.

8.     The designation of a document or information as Confidential or Attorneys' Eyes Only, shall not create any presumption with regard to the actual

---

[2]     This Order includes the Undersigned's Discovery Procedures Order, which disallows the filing of discovery motions. Disputes over the appropriate designation of "confidential" or "attorneys' eyes only" material constitute discovery matters, and so, as the Undersigned notes below, these disputes shall be set for hearings, not resolved through motion practice.

confidentiality of any Document, nor shall it affect the burden of proof necessary for obtaining a protective order from the Court. The party designating information, documents, materials or items as Confidential or Attorneys' Eyes Only bears the burden of establishing their confidentiality if such designation is challenged by a party to this Agreement. Any document with a Confidential or Attorneys' Eyes Only designation, whose confidentiality is not challenged, shall be automatically deemed subject to this Order.

9.     If counsel for a party receiving documents designated as Confidential or Attorneys' Eyes Only objects to such designation of any or all of such items, then the following procedure shall apply:

a)     Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the documents or information in question, and shall state the factual, and to the extent applicable, the general legal grounds for the objection.

b)     Counsel for the designating party or third party shall respond in writing to such objection within fourteen calendar (14) days, unless a shorter time frame is agreed upon by the parties or ordered by the Court, and shall state with particularity the factual and legal grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only.  If no timely written response is made to the

objection, then the challenged designation will be deemed no longer applicable and not subject to the terms of this Order.

c)      If the designating party makes a timely response to such objection asserting the propriety of the designation, then counsel shall then meet and confer within seven (7) calendar days of such response, unless a shorter time frame is agreed upon by the Parties or ordered by the Court, in good faith in an effort to resolve the dispute, including, if possible, limiting the designation to portions of the designated document.

d)      If a dispute as to a Confidential or Attorneys' Eyes Only designation cannot be resolved by agreement, then the person still asserting that the material in question is confidential shall contact the Undersigned's chambers within thirty (30) days after the unsuccessful meet and confer between counsel to set the matter on the next available discovery calendar. The Document or information that is the subject of such a filing shall be treated as originally designated pending resolution of the dispute.

10.      The Party asserting a Confidential or Attorneys' Eyes Only designation as to any Document shall have the burden of justifying that designation consistent with applicable law.

11.      A Party shall not be obligated to challenge the propriety of the designation of information, documents, materials or items as Confidential or Attorneys' Eyes Only

6

at the time of production, and failure to do so shall not preclude a subsequent challenge to the designation provided that any challenge to a "Confidential" or "Attorneys' Eyes Only" designation is made not later than the close of discovery. In no event shall the absence of a challenge to a Confidential or Attorneys' Eyes Only designation be deemed a concession by the receiving Party that the material is entitled to protection from disclosure under applicable law.

<u>**USE OF CONFIDENTIAL INFORMATION**</u>

12.   All Confidential and Attorneys' Eyes Only information shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraphs 13 and 14 below, unless and until the restrictions herein are removed either by the operation of this Order, the written agreement of counsel for the Parties, or by order of the Court.

13.   Confidential information may be disclosed only to the following individuals under the following conditions:

a)   Counsel for the Parties, including in-house counsel;

b)   Outside experts or consultants retained by any Party upon their execution of the form attached as Attachment "A" (which shall not be discoverable except upon a showing of good cause);

7

c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d) The Court and court personnel;

e) A witness or deponent if it appears that the witness or deponent authored or received a copy of it, was involved in or would have information relevant to the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g) The Parties. The term "Party" shall mean board members, executives or employees of the corporation who are required to participate in decisions with reference to this action, or have special knowledge or information relevant to the subject matter in the Confidential document.

14. Attorneys' Eyes Only information may be disclosed only to the following individuals under the following conditions:

a) Counsel for the Parties, including in-house counsel;

b)      Outside experts or consultants retained by any Party upon their execution of the form attached as Attachment "A" (which shall not be discoverable except upon a showing of good cause);

c)      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d)      The Court and court personnel;

e)      A witness or deponent if it appears that the witness or deponent authored or received a copy of it, was involved in or would have information relevant to the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f)      Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

15.     Confidential and Attorneys' Eyes Only information shall be used only by individuals permitted access to it under Paragraphs 13 and 14. Confidential or Attorneys' Eyes Only information shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

16.     With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only information of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript of that deposition session are to be designated Confidential or Attorneys' Eyes Only, which period may be modified by agreement of the Parties or unless the circumstances otherwise required by order of the Court.  The designated potion of the deposition transcript shall not be disclosed to any individual other than the individuals described in Paragraphs 13 and 14 above and the deponent during this period of time (although it may be filed under seal as permitted under this Order and order of the Court), and no individual attending such a deposition shall disclose the contents of the designated potions of the deposition to any individual other than those described in Paragraphs 13 and 14 above during said period of time. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all Parties shall, upon receiving copies of the deposition transcript, cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of those portions of the transcript in accordance with the provisions of this Order.

17.     Any Party who has received Confidential or Attorneys' Eyes Only information shall act to preserve the confidentiality of such documents and/or information. The imposition of this Confidentiality Order *among the parties* during the

course of discovery *does not* automatically restrict the public filing of this information on the Court's docket. If any party seeks to use Confidential or Attorneys' Eyes Only documents in any public Court filing, then that party's counsel must first confer with opposing counsel. If opposing counsel opposes the filing of the Confidential Information publicly, then the party shall follow the procedures in Local Rule 5.4 and file a motion for leave to file under seal. It shall be designating party's burden however to show that the information is of such a nature that the extraordinary step of a sealed filing is necessary. This paragraph does not prevent a party from the normal filing of a document where designated portions of the document are redacted.

18.    All papers that refer to or rely upon documents filed under seal shall designate the particular aspects that are confidential to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose.  Absent such advance notification, the Court will be free to incorporate all such documents and evidence in its written and oral rulings.

19.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. Any party may move the Court for an order that the Confidential or Attorneys' Eyes Only information be received in camera or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered Confidential or Attorneys' Eyes Only information should continue to be

treated as Confidential and, if so, what protection, if any, may be afforded such information at the trial.

20.     This Stipulated Confidentiality Order shall apply to non-parties to this action who are obliged to provide discovery, by deposition, production of documents or otherwise, in this action if said non-party requests in writing the protection of this Order as to said non-party's Confidential information, complies with the provisions of this Order, and agrees in writing to be bound by the terms of this Order.

21.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only information that should have been designated as Confidential, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific Confidential or Attorneys' Eyes Only information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.  All Parties shall reserve the right to challenge such a designation pursuant to the provisions of this Order.

22.     No information that is in the public domain, or which is already known by the receiving Party through proper means, or which is or becomes available to a Party from a source, other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential under this Order.

23.     This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

24.     In the event that any recipient of Confidential or Attorneys' Eyes Only information (a) is served with a subpoena or other legal process in another action, or (b) is served with a request or a demand in another action to which he or she is a party, or (c) is served with a request or a demand or any other legal process by one not a party to this action, concerning Confidential or Attorneys' Eyes Only information, that person (the recipient of Confidential or Attorneys' Eyes Only documents) shall give written facsimile, mail and e-mail notice within three (3) days of such event to the designating party as follows

<u>If document is designated "Confidential" or "Attorneys' Eyes Only" by Premier</u>

<u>Parks, LLC:</u>

> Becker & Poliakoff, P.A
> Gary C. Rosen, Esquire
> grosen@bplegal.com
> William J. Cea, Esquire
> wcea@bplegal.com
> 1 East Broward Boulevard, Suite 1800
> Fort Lauderdale, Fl 33301
> Telephone: 954-985-4133
> Facsimile: 954-985-4199

<u>If the document is designated "Confidential" or "Attorneys' Eyes Only" by City</u>

<u>of Fort Lauderdale:</u>

> Nabors, Giblin & Nickerson, P.A.
> Edward Alexander Dion, Esq.
> edion@ngnlaw.com
> Kerry A. Parsons, Esq,
> kparsons@ngnlaw.com
> 110 E. Broward Boulevard, Suite 1700
> Fort Lauderdale, FL 33301
> Telephone: 954-315-3852

To the extent a response to the request is required, the receiving party shall timely object to the disclosure of the Confidential or Attorneys' Eyes Only material. In the event the designating party moves to quash or oppose the request, the receiving party shall not produce the Confidential or Attorneys' Eyes Only material until the presiding court has entered an order ruling on the designating party's motion, provided

14

that the receiving party is promptly given notice of such motion by the designating party, and provided the receiving party believes in good faith that it may withhold production of the Confidential or Attorneys' Eyes Only material during the pendency of the designating party's motion. If the presiding court's order denies, in whole or in part, then the designating party's motion, the receiving party may produce only those Confidential or Attorneys' Eyes Only material specified to be produced in said order. In the event the designating party, after receiving notice from the receiving party, does not move to quash or oppose the request, and in the absence of a court order preventing the production of Confidential or Attorneys' Eyes Only material, the receiving party may comply with the request without violating this Order. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Attorneys' Eyes Only information.  Nothing in these provisions should be construed as authorizing or encouraging a party receiving Confidential or Attorneys' Eyes Only documents in this action to disobey a lawful directive from another court.

## **GENERAL PROVISIONS**

25.    The terms of this Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of the Parties filed with the Court.

26.    Upon final conclusion of this action, each Party or other individual subject to the terms hereof shall, upon notice from the designating Party, assemble and return

to the designating party or destroy all documents and things containing Confidential or Attorneys' Eyes Only information as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only information; provided, however, that counsel may retain their work product and complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on February 26, 2016.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
Honorable Jose E. Martinez
All counsel of record

**ATTACHMENT "A"**

I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the address of my present employment is _____.

3.      I have carefully read and understood the provisions of the STIPULATED CONFIDENTIALITY ORDER in this case and I will comply with all of its provisions.

4.      No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only documents, Confidential or Attorneys' Eyes Only information, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Date: _____          _____
                                         Name:

ACTIVE: 8048361_1